## JEWELL v TOWNSEND

Ohio Appeals, 4th Dist, Meigs Co
Decided March 27, 1930

Peoples & Peoples, Pomeroy, for Jewell.
A. D. Russell, Pomeroy, for Townsend.

### BY THE COURT.

The plaintiff seeks to compel the defendant to specifically perform a contract for the sale of real estate. That the defendant agreed to convey is admitted. He only attempts to avoid further performance by showing non-performance on the part of the plaintiff, and to show non-performance he is compelled to have the contract so reformed as to show the promise whose breach constitutes his grievance. The defendant must establish his right to a reformation, therefore, or his whole defense fails.

The policy of the law, fixed by statute, is that contracts of the kind under consideration must be in writing. It is only by the peculiar powers of a court of equity that one can be heard to fix the terms of of such a transaction in contradiction to or outside the terms of an instrument in writing. A court of equity can not exercise its power in that behalf unless the rights of its suitor are shown by clear and satisfactory evidence. The court in this case is embarrassed by a real uncertainty as to where the truth lies. The defendant relies largely upon claimed declarations of the plaintiff. This sort of evidence is uncertain. A conversation may not be fully heard by the witness, imperfectly recollected or inaccurately repeated, where the omission or addition of a single word or the substitution of another word would change the whole meaning of the party. **Crowell v. Bank, 3 OS. 412.**

Not being satisfied that the plaintiff intended the contract to be as claimed by the defendant nor that the plaintiff was guilty of fraud, we can not decree reformation. The plaintiff is consequently awarded the decree prayed for.

Middleton, PJ, Mauck and Blosser, JJ, concur.